| | |
|---|---|
| 1 | RENE L. VALLADARES |
|   | Federal Public Defender |
| 2 | State Bar No. 11479 |
|   | HEIDI A. OJEDA |
| 3 | 411 E. Bonneville Avenue, Ste. 250 |
|   | Las Vegas, Nevada 89101 |
| 4 | Tel: (702) 388-6577 |
|   | Fax: (702) 388-6261 |
| 5 | |
| 6 | Attorney for: ESMEDIA GUMMERSON |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:12-mj-380-CWH |
| Plaintiff, | **UNOPPOSED MOTION TO QUASH WARRANT AND SET FOR STATUS CONFERENCE** |
| vs. | |
| ESMEDIA GUMMERSON, | (Expedited Consideration Requested) |
| Defendant. | |

COMES now the defendant, Esmedia Gummerson, by and through counsel, Rene L. Valladares, Federal Public Defender, and HEIDI A. OJEDA, Assistant Federal Public Defender, counsel for Esmedia Gummerson, and moves this court to quash the bench warrant issued on June 25, 2013, and schedule a status conference, no sooner that sixty (60) days or at the Court's desire.

This unopposed motion is filed for the following reasons:

1. On June 25, 2013, the Court held a status conference in this case. Ms. Gummerson did not appear for the scheduled status conference and failed to appear for her prior status conference on May 21, 2013. On June 25, 2013, undersigned counsel represented that several attempts were made to contact Ms. Gummerson, and Ms. Gummerson failed to respond. The Court records indicate that Ms. Gummerson's only remaining obligations to the Court include the DUI and VIP classes and payment of a $10 outstanding balance. Because Ms. Gummerson failed to appear and was unresponsive to her counsel's attempts to communicate, the Court reluctantly issued a bench warrant.

2. The Office of the Public Defender office sent Ms. Gummerson a letter informing her of the issued bench warrant on June 25, 2013.

3. On July 3, 2013, Ms. Gummerson contacted undersigned counsel after receiving notice that the bench warrant was issue. Ms. Gummerson informed counsel that she was laid off from her job in May of this year. Since that time, she has been unemployed and struggling financially. Additionally, her husband has been sick and hospitalized for periods of time. Because she is not working, she is struggling financially, and had no access to working transportation and no money keep her phone active over the past few months. Any additional money each month was spent on prescription medication for her husband, to alleviate his pain. Ms. Gummerson's husband's health appears to have stabilized. She now has access to a car and a cell phone. The loss of her job and her husband's failing health contributed to her failure to complete her remaining conditions and appear in court when ordered.

4. The information provided by Ms. Gummerson appears consistent with her behavior to date. Ms. Gummerson was originally sentenced in June 2012. She was present for the first two status checks set by the Court, and made substantial progress towards completing her obligations to the Court; she completed 60 hours of community service (30 hours originally imposed and the 30 hours that were converted from the fine). The first status check that she failed to appear for was on May 21, 2013, which was after she lost her job.

5. Ms. Gummerson is still unemployed and currently does not have the money to pay for the DUI and VIP classes. Counsel, therefore asks that the Court set this matter for status conference no sooner than 60 days to allow Ms. Gummerson time to save up money for the courses or obtain employment and become financially stable to pay for the classes.

6. Based upon the particular circumstances of Ms. Gummerson, her good faith effort in reaching out to counsel upon notice that a bench warrant was issue and AUSA Kathryn Newman[1] having stated to counsel she has no opposition to the motion, and in the best interest of justice, the defendant respectfully requests: that the bench warrant be quashed, that she be given additional time

---

[1] AUSA Kathryn Newman originally requested the bench warrant at the status check on June 25, 2013. Counsel of record Nadia Ahmed is on leave.

to complete the her DUI and VIP classes and pay the $10 fine, and that this case be placed on calendar for a status conference, no sooner than sixty (60) days hence.

DATED this 3rd day of July, 2013.

                            RENE L. VALLADARES  
                            Federal Public Defender

                         By: */s/ Heidi A. Ojeda*  
                            HEIDI A. OJEDA  
                            Assistant Federal Public Defender

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ESMEDIA GUMMERSON,,

    Defendant.

Case No.: 2:12-mj-380-CWH

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

## FINDINGS OF FACT

Based on the pending unopposed motion of counsel, and good cause appearing therefore, the Court finds that:

1. On June 25, 2013, the Court held a status conference in this case. Ms. Gummerson did not appear for the scheduled status conference and failed to appear for her prior status conference on May 21, 2013. On June 25, 2013, undersigned counsel represented that several attempts were made to contact Ms. Gummerson, and Ms. Gummerson failed to respond. The Court records indicate that Ms. Gummerson's only remaining obligations to the Court include the DUI and VIP classes and payment of a $10 outstanding balance. Because Ms. Gummerson failed to appear and was unresponsive to her counsel's attempts to communicate, the Court reluctantly issued a bench warrant.

2. The Office of the Public Defender office sent Ms. Gummerson a letter informing her of the issued bench warrant on June 25, 2013.

3. On July 3, 2013, Ms. Gummerson contacted undersigned counsel after receiving notice that the bench warrant was issue. Ms. Gummerson informed counsel that she was laid off from her job in May of this year. Since that time, she has been unemployed and struggling financially. Additionally, her husband has been sick and hospitalized for periods of time. Because she is not working, she is struggling financially, and had no access to working transportation and no money keep her phone active over the past few months. Any additional money each month was spent on prescription medication for her husband, to alleviate his pain. Ms. Gummerson's husband's health appears to have stabilized. She now has access to a car and a cell phone. The loss of her job

1 and her husband's failing health contributed to her failure to complete her remaining conditions and appear in court when ordered.

4. The information provided by Ms. Gummerson appears consistent with her behavior to date. Ms. Gummerson was originally sentenced in June 2012. She was present for the first two status checks set by the Court, and made substantial progress towards completing her obligations to the Court; she completed 60 hours of community service (30 hours originally imposed and the 30 hours that were converted from the fine). The first status check that she failed to appear for was on May 21, 2013, which was after she lost her job.

5. Ms. Gummerson is still unemployed and currently does not have the money to pay for the DUI and VIP classes. Counsel, therefore asks that the Court set this matter for status conference no sooner than 60 days to allow Ms. Gummerson time to save up money for the courses or obtain employment and become financially stable to pay for the classes.

6. Based upon the particular circumstances of Ms. Gummerson, her good faith effort in reaching out to counsel upon notice that a bench warrant was issue and AUSA Kathryn Newman[2] having stated to counsel she has no opposition to the motion, and in the best interest of justice, the defendant respectfully requests: that the bench warrant be quashed, that she be given additional time to complete the her DUI and VIP classes and pay the $10 fine, and that this case be placed on calendar for a status conference, no sooner than sixty (60) days hence.

/ / /

/ / /

/ / /

/ / /

---

[2] AUSA Kathryn Newman originally requested the bench warrant at the status check on June 25, 2013. Counsel of record Nadia Ahmed is on leave.

## CONCLUSIONS OF LAW

The Defendant has demonstrated good faith efforts to meet the court ordered requirements and resolve the outstanding bench warrant. Therefore, the interest of justice is best served by quashing the previously issued warrant and permitting the defendant adequate time to complete his court ordered obligations.

## ORDER

IT IS THEREFORE ORDERED that the bench warrant for arrest issued for defendant ESMEDIA GUMMERSON is hereby quashed and this matter rescheduled for Status Conference hearing on November 12, 2013 at the hour of 1:30 p.m.

DATED this 10th day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

# CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that I am an employee of the Law offices of the Federal Public Defender for the District of Nevada and am a person of such age and discretion as to be competent to serve papers.

That on August 27, 2009, I served an electronic copy of the above and foregoing **UNOPPOSED MOTION TO QUASH WARRANT AND SET FOR STATUS CONFERENCE** (Expedited Consideration Requested) by electronic service (ECF) to the person named below:

DANIEL G. BOGDEN
United States Attorney
KATHRYN NEWMAN
Assistant United States Attorney
333 Las Vegas Blvd. So., 5th Floor
Las Vegas, Nevada 89101


*/s/ Karen Meyer*
Karen Meyer, Legal Secretary to
HEIDI A. OJEDA,
Assistant Federal Public Defender